IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: EX PARTE APPLICATION | § | |
| OF LOUISE BRITTAIN AND | § | |
| ROBERT YOUNG AS | § | No. 3:25-mc-5-L-BN |
| ADMINISTRATORS OF FUND | § | |
| OURSELVES LTD (IN | § | |
| ADMINISTRATION) FOR AN | § | |
| ORDER PURSUANT TO 28 U.S.C. | § | |
| § 1782 TO OBTAIN DISCOVERY IN | § | |
| AID OF FOREIGN PROCEEDINGS | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

United State District Judge Sam A. Lindsay has referred the Applicants Louise Brittain and Robert Young's Motion for Discovery and Supplemental Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 [Dkt. No. 5] under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

Applicants Louise Brittain and Robert Young (the "Administrators" of Fund Ourselves Ltd (in Administration) seek an ex parte order under 28 U.S.C. § 1782 authorizing Fund Ourselves to serve additional discovery targets – SouthState Bank, National Association and TIB, National Association (together with SouthState, the "Supplemental Banks") with subpoenas substantially in the forms marked as Exhibit A to the Section 1782 Application.

As Judge Lindsay already permitted with the original application, this Supplemental Application may properly proceed ex parte. *Accord* Dkt. Nos. 1 & 4.

But, for the reasons that the Court has previously explained, this "application

for court-ordered discovery pursuant to Section 1782 is a dispositive matter for purposes of 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72." *In re Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-mc-24-D-BN, 2024 WL 4309481, at *3 (N.D. Tex. Aug. 8, 2024), *rec. adopted*, 2024 WL 4314985 (N.D. Tex. Sept. 26, 2024).

And, for the reasons explained below, the Court should grant the Supplemental Application [Dkt. No. 5].

I.    Applicants have made the required showing on the statutory requirements.

28 U.S.C. § 1782(a) provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation," and that "[t]he order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."

"Section 1782 allows an interested party to a foreign proceeding to apply to a United States district court in order to obtain discovery related to the foreign proceeding where the source of the discovery is not a party to the foreign proceeding and can be found within the jurisdiction of the district court." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012). If the Court permits seeking the requested discovery, "unless the court orders otherwise, the testimony or

documents shall be produced in accord with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a)." *Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 574 (5th Cir. 2016).

But, first, "[t]hree statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Ref. U.S.*, 613 F. App'x 319, 322 (5th Cir. 2015) (cleaned up).

And the Court should find that the Supplemental Application satisfies those requirements.

As the Court already found – and as is also true of this Supplemental Application – "(a) for purposes of the instant Application, the Court finds that Applicants seek evidence from a financial institution residing or are found in the State of Texas; (b) the documentary and testimonial evidence sought through this Application is for use in foreign insolvency proceeding (the 'English Proceeding') in England before the High Court of Justice, which is currently pending; and (c) Applicants are interested persons, within the meaning of the statute, in the English Proceeding which is currently pending." Dkt. No. 4 at 2.

II.     The discretionary factors weigh in favor of granting the application.

"[O]nce an interested party makes the requisite showing that it has met the

-3-

statutory [requirements], the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone*, 694 F.3d at 553.

The Fifth Circuit "has provided a shorthand description of the [United States Supreme] Court's '*Intel* factors,' the considerations that should inform the district courts' exercise of discretion, as follows:

> (i)   whether the person from whom discovery is sought is a 'participant in the foreign proceeding,' such that the person, unlike a nonparticipant, is amenable to discovery in the foreign forum and the discovery may be unobtainable in that forum;
>
> (ii)  the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government or forum to U.S. federal court assistance;
>
> (iii) 'whether the 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions ....'; and
>
> (iv)  whether the request is 'unduly intrusive or burdensome.'"

*Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 473 (5th Cir. 2022) (cleaned up; citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). "Several courts have observed that this discretion is informed by the twin aims of the statute, which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." *Tex. Keystone*, 694 F.3d at 553-54 (cleaned up).

The Court should find that the *Intel* factors weigh in favor of granting the Supplement Section 1782 Application.

As the Court already found – and as is also true of this Supplemental Application – "(1) the [Supplemental Banks] are not parties to the English Proceeding

and are not expected to become parties thereto, thus, the need for this discovery is more apparent; (2) there is no indication that the English Court would not be receptive to U.S. federal-court judicial assistance as requested in the [Supplemental Application]; (3) the [Supplemental Application]does not conceal an attempt to circumvent English proof-gathering restrictions; and (4) the [Supplemental Application] seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the [Supplemental Banks] that is the type normally produced by financial institutions or persons in litigation." Dkt. No. 4 at 2.

After considering the *Intel* factors, the Court should exercise its discretion to grant the Supplemental Application.

### Recommendation

The Court should grant Applicants Louise Brittain and Robert Young's Motion for Discovery and Supplemental Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 [Dkt. No. 5] and, specifically, grant counsel for the Administrators may serve the Supplemental Banks with the subpoenas substantially in the form collectively attached as Exhibit A to the Supplemental Application.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

-5-

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 15, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE