IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: GRAND JURY SUBPOENA | § | |
| | § | |
| | § | |
| EX PARTE APPLICATION OF LOUISE | § | |
| BRITTAIN AND ROBERT YOUNG AS | § | |
| JOINT ADMINISTRATORS OF FUND | § | |
| OURSELVES LTD (IN ADMINISTRATION) | § | Miscellaneous No. 3:26-MC-5-L |
| | § | |
| FOR AN ORDER PURSUANT TO | § | |
| 28 U.S.C. § 1782 TO OBTAIN DISCOVERY | § | |
| IN AID OF FOREIGN PROCEEDINGS | § | |

## ORDER

On June 15, 2026, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court grant Applicants Louise Brittain and Robert Young's Motion for Discovery and Supplemental Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 ("Supplemental Application") (Doc. 5). Applicants Louise Brittain and Robert Young, as "Administrators" of Fund Ourselves Ltd. seek an *ex parte* order under 28 U.S.C. § 1782 authorizing Fund Ourselves Ltd. to serve additional discovery targets—SouthState Bank, National Association and TIB National Association (collectively, "Supplemental Banks")—with subpoenas substantially in the forms marked as Exhibit A to the Supplemental Application.

The court agrees that Applicants have made the required showing with respect to the appliable statutory factors, and consideration of the discretionary factors weigh in favor of granting the Supplemental Application. The court, therefore, determines that the findings and conclusions of the magistrate judge (Doc. 7) are correct, and **accepts** them as those of the court.  Accordingly, the court **grants** the Supplemental Application (Doc. 5), and in doing so it **finds and rules** a follows:

**Order – Page 1**

**WHEREAS** a Motion and Supplemental Application for an Order to Conduct Discovery Under 28 U.S.C. § 1782 ("Supplemental Application") having been duly submitted to this Court on May 12, 2026 by Louise Brittain and Robert Young as Joint Administrators ("Administrators" or "Applicants") of Fund Ourselves Ltd ("Fund Ourselves" or the "Company") for an entry of an order under 28 U.S.C. § 1782 permitting counsel for the Applicants to serve the Supplemental Banks[*] with subpoenas substantially in the forms collectively attached as **Exhibit A** to the Supplemental Motion; and

**WHEREAS** the Applicants submitted the Declaration of Louise Brittain, dated January 27, 2026 and the Second Declaration of Louise Brittain, dated May 7, 2026 (collectively, the "Brittain Declarations") attached as **Exhibit B** to the Supplemental Motion; and

**WHEREAS** the Court has reviewed the Supplemental Application, accompanying memorandum of law, the Brittain Declarations and accompanying exhibits, and the subpoenas submitted in support of the Supplemental Application; and

**WHEREAS** this Court finds that the Supplemental Application meets the statutory requirements of 28 U.S.C. § 1782, and that it is appropriate in this Court's discretion to grant the Supplemental Application.

**IT IS HEREBY ORDERED THAT:**

Applicants have met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief, including that (a) for purposes of the instant Supplemental Application, the Court finds that Applicants seek evidence from financial institutions residing or are found in the State of Texas; (b) the documentary and testimonial evidence sought through this Supplemental Application is for use in foreign insolvency proceedings (collectively, the "English Proceeding") in England before the High Court of Justice, which are currently pending; and (c) Applicants are interested persons, within the meaning of the statute, in the English Proceeding which is currently pending.

The discretionary factors, as described by the *United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance. More particularly: (1) the Supplemental Banks are not parties to the English Proceeding and are not expected to become parties thereto, thus, the need for this discovery is more apparent; (2)there is no indication that the English Court would not be receptive to U.S.

---

[*] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

**Order – Page 2**

federal-court judicial assistance as requested in the Supplemental Application; (3) the Supplemental Application does not conceal an attempt to circumvent English proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Supplemental Application requests evidence of the Supplemental Banks that is the type normally produced by financial institutions or persons in litigation.

Thus, counsel for the Administrators may serve the Supplemental Banks with the subpoenas substantially in the form collectively attached as **Exhibit A** to the Supplemental Application.

**It is so ordered** this 14th day of July, 2026.

Sam A. Lindsay
United States District Judge

**Order – Page 3**